**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOUGLAS NICHOLAS and ROBERT NICHOLAS,**

        **Plaintiffs.**

**-vs-**                                                   **Case No. 6:09-cv-565-Orl-31DAB**

**DWS INVESTMENTS DISTRIBUTORS, INC.,**

        **Defendant.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, DWS Investments Distributors, Inc. ("Defendant"), Motion to Dismiss (the "Motion") (Doc. 12), Plaintiffs', Douglas and Robert Nicholas ("Plaintiffs"), response in opposition thereto (the "Response"), and Defendant's Reply (Doc. 16).

**I. Overview**

In their two-count Complaint, Plaintiffs allege, *inter alia*, that Defendant "wrongfully distributed the assets" held in Mildred Nicholas's investment account sometime after her death. More specifically, Count I asserts a claim for breach of contract arising out of Defendant's distribution of assets to Donald Nicholas based on a transfer on death ("TOD")[1] application

---

[1] As Defendant notes, registering an investment account as a "TOD account" avoids probate because upon the death of the account holder, the ownership of the account automatically passes to the beneficiary designated in the TOD registration (Doc. 12 at 1, n. 1, citing FLA. STAT. §§ 711.507 and 711.509).

"believed to be submitted by Donald Nicholas in May, 2006" (Doc. 2, ¶¶ 8 – 16). Plaintiffs allege that these assets should have been distributed to Mildred Nicholas' estate. Count II asserts a claim for "Class Action" (Doc. 2 at 3).

In its Motion, Defendant moves the Court to dismiss both counts in the Complaint for failure to state a claim upon which relief can be granted. With respect to Count I, Defendant contends that Plaintiffs have no evidentiary support for their allegations and that, in truth, the facts clearly belie any claim for breach of contract. With respect to Count II, Defendant contends that a claim for "Class Action" does not exist and that a class action is simply a procedural device.

Upon review, Defendant is clearly correct that a claim for "Class Action" does not exist. Although Plaintiffs have asserted in their Response that "Defendant has repeatedly and consistently paid accounts of deceased persons to those not properly entitled to it [sic] and that forms the basis for the request for class action certification" (Doc. 13 at 3), Plaintiffs must still plead sufficient facts to comply with the requirements of FED. R. CIV. P. 23. Plaintiffs have failed to do so. Accordingly, Count II will be dismissed without prejudice and Plaintiffs will have leave to amend. The Court addresses Defendant's arguments with respect to Count I, *infra*.

## II. Allegations in the Complaint

Although not entirely clear, Plaintiffs' Complaint appears to allege that Mildred Nicholas, the Plaintiffs' mother, held an investment account that was valued at more than $230,000.00 at the time of her death in April, 2006 ("Account No. '212") (Doc. 2, ¶¶ 3 and 6). Pursuant to the terms of her account, Ms. Nicholas' estate had the right to receive the investments in Account No. '212 at the time of her death (Doc. 2, ¶ 8). No TOD or TOD application was ever submitted or put in place on Account '212 by Ms. Nicholas (Doc. 2, ¶ 10). Nevertheless, "Defendant wrongfully

distributed the assets held in [Ms. Nicholas' account] to DONALD NICHOLAS based on [a TOD] believed to be submitted by DONALD NICHOLAS in May, 2006" (i.e., the Defendant honored a TOD that was put in place by Donald Nicholas after Mildred Nicholas' death) (Doc. 2, ¶ 11).

In addition to the foregoing, Plaintiffs also appear to allege that Ms. Nicholas was the owner of another investment account managed by Defendant ("Account '058") (Doc. 2, ¶ 20). On or about October 14, 2003, Ms. Nicholas registered a TOD on Account '058 and designated Donald Nicholas as her beneficiary (Doc. 2, ¶ 21 and Ex. C). But on October 23, 2003, Mildred Nicholas transferred the funds from Account '058 to Account '212 (Doc. 2, ¶ 22). Pursuant to the terms of Defendant's agreement governing the registration of TOD accounts [hereinafter the "TOD Agreement"], this transfer automatically revoked the TOD designation on Account '058 (Doc. 2, ¶ 22).[2] Notwithstanding the automatic revocation of the TOD on Account '058, Defendant nevertheless distributed the assets held in Account '212 to Donald Nicholas at the time of Ms. Nicholas' death (Doc. 2, ¶ 23).

## III. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted

---

[2]According to Rule 3.C of the TOD Agreement, "An outstanding TOD direction is revoked when an account is transferred" (Doc. 2 at 10).

factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## IV. Analysis

According to Defendant, the allegations in the Complaint have no evidentiary support and the actual facts preclude any claim for breach of contract (Doc. 12 at 4). Specifically, Defendant contends that, after receiving Ms. Nicholas' TOD registration, it "effected the registration of Ms. Nicholas' TOD account [which designated Donald Nicholas as the beneficiary] by *re-titling her existing account* [i.e., Account '058] from 'Mildred E. Nicholas' to 'Mildred E. Nicholas TOD' and *issuing a new account number* for the TOD account – [Account '212]" (Doc. 12 at 8)

(emphasis added).³ Furthermore, at no time did Ms. Nicholas ever transfer the assets in her TOD account to another account or revoke her TOD designation. Because Defendant simply "re-titled" and renumbered Ms. Nicholas' account after she registered the TOD designation, Plaintiffs' reliance on Rule 3.C of the TOD Agreement is inapposite (Doc. 12 at 9). Accordingly, Defendant argues that the transfer of assets in Account '212 to Donald Nicholas at the time of Ms. Nicholas' death was clearly in accordance with the TOD and Plaintiffs' claim for breach of contract fails as a matter of law (Doc. 12 at 4).

Upon review, Count I of the Complaint states a claim for relief. Defendant's factual contentions have no merit on a motion to dismiss. As muddled as it may be, the Complaint may liberally be construed to allege that – separate and apart from whatever transfer may have automatically occurred at the time Ms. Nicholas originally placed a TOD designation on her account – Ms. Nicholas' account was transferred subsequent to her TOD designation, thereby revoking the TOD designation per Rule 3.C of the TOD Agreement. Alternatively, the Complaint may fairly be read to allege that Defendant honored a TOD that was designated after Ms. Nicholas' death (Doc. 2, ¶ 11). Both theories provide enough notice to Defendant of Plaintiffs' breach of contract claim.

---

³Defendant attaches a transaction record to its Motion which highlights the transfer from Account '058 to Account '212 (Doc. 12, Ex. 2). Although Defendant urges this Court not to convert its Motion to Dismiss into a motion for summary judgement (Doc. 12 at 5, citing *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005)), in their Response, Plaintiffs dispute the circumstances and intent behind the transfer of Account '058 to Account '012 (Doc. 13 at 2). Accordingly, this Court is not prepared to rely on – and must exclude – Defendant's unauthenticated transaction record (Doc. 12-3) and account statements (Doc. 12-4) at this time.

**V. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendant DWS Investments Distributors, Inc.'s Motion to Dismiss (Doc. 12) is **GRANTED** in part and **DENIED** in part. Count II of the Complaint is hereby **DISMISSED** without prejudice. Plaintiffs shall have leave to file an Amended Complaint within the next fifteen (15) days.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 21, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE